[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a verbal partnership agreement between the plaintiff and the defendant to construct and sell a single family home. The plaintiff contends that his contribution to the construction expenses exceeded the amount of the defendant's contribution and he is therefore entitled to money damages to equalize their contributions. (Although the allegations of the plaintiff's complaint also claim an award of half of the profits from the sale of the home, the plaintiff was unable at trial to prove that there was a profit from the sale. In his post trial brief the plaintiff does not make any claim for a share of the alleged profit.) The plaintiff also seeks judgment for a $10,000. unpaid loan which he alleges he made to the defendant. The defendant denies the existence of the loan and further denies that the plaintiff is entitled to any damages.
There is no dispute between the parties that they did agree to purchase a building lot at 197 Meriline Avenue in Waterbury (the "Property"), to share equally the cost of constructing a pre-fabricated, single family home on the lot, and to divide equally the profit from the sale. The plaintiff contends that he paid $35,450. in construction expenses for the Property while the defendant paid only $13,166.66 in such construction expenses. The plaintiff seeks judgment for $11,141.67 in order to equalize their expenditures. The court finds no merit to his claim.
The transactions between the plaintiff and the defendant demonstrated deceit as to third parties from the very outset. Although the deeds to the Property recited the total purchase price as $15,000., the plaintiff and the defendant in fact paid $35,000. for the Property. The plaintiff contributed $5,000. to the purchase price while the defendant paid the balance, $30,000. During construction, the plaintiff claims to have expended the additional sum of $30,450. for other construction CT Page 8008 expenses. The defendant does not dispute this claim to any significant degree. However, she claims to have expended approximately $56,000. of her own funds (including the $30,000. purchase price balance) for construction expenses at the Property. The Property was sold in November 1990 for $18,000., which was retained by the defendant. Thus she claims a net expenditure on her part of $38,000. The plaintiff disputes the defendant's claim, particularly with regard to excavating expenses paid by the defendant totalling approximately $12,000. The plaintiff contends that the excavation contractors did not perform $12,000. of work at the Property. He claims that the $12,000. included excavation work at a lot owned by the defendant and her husband where their new home was under construction.
Neither plaintiff nor defendant kept even rudimentary records showing their expenses for construction at the Property. As a result, the relative credibility of the parties' testimony is largely determinative of the outcome in this case. The court found the plaintiff Anthony Bruno utterly lacking in credibility for several reasons. First, he admitted on cross-examination that he had previously lied in court under oath. During a prejudgment remedy hearing in this case, the plaintiff admitted that he testified under oath that the purchase price of the Property was $15,000. despite knowing that it was actually $35,000. At trial, he testified under oath that the Property was "a little hilly," had a "few rocks," and a "little bit of growth on it." A photograph later admitted into evidence clearly shows that the Property had an extremely steep grade and many boulders. On cross-examination, the plaintiff was visibly unnerved when he denied that he had taken a kickback of the defendant's real estate commission which he sold property which he owned on Greenwood Avenue in Waterbury. His demeanor indicated to the court that he was lying.
On the other hand, the defendant, a licensed real estate agent, testified credibly and against her professional interest in admitting kicking back her commission in two different transactions involving the plaintiff. She was forthcoming in her testimony and did not attempt to excuse or minimize her involvement in several clear improprieties. The court credited her testimony and finds as a result, that the defendant Irma Barrieau spent approximately $56,000. for construction expenses at the Property, including approximately $12,000. paid to Robert Ciarlo and Ken Smith for excavation work at the Property. The CT Page 8009 court further finds that the defendant's net expenses paid for the Property (after retention of the sale proceeds) were approximately $38,000., which is greater than the expenses for the Property paid by the plaintiff. Accordingly, judgment is entered for the defendant on counts one and two of the plaintiff's third amended complaint.
The third count of plaintiff's amended complaint alleges that the defendant wrongfully converted the Property, the partnership profits and partnership funds "for her own use in violation of Connecticut law." In his post trial memorandum, the plaintiff alters his claim somewhat, contending that what the defendant converted was the $18,000. in proceeds from the sale of the Property.
Conversion is usually defined as an unauthorized assumption and exercise of the right of ownership over the goods of another, to the exclusion of the owner's rights. Falker v.Samperi, 190 Conn. 412, 419 (1983). The plaintiff has failed to sustain his burden of proof with respect to conversion in that he failed to sustain his burden of proving that the defendant's sale of the Property and retention of the proceeds of the sale were "unauthorized." The court credits the defendant's testimony that she twice offered the Property to the plaintiff in December, 1989, but the plaintiff refused to take over the Property. Moreover, during the course of this partnership, the plaintiff acquiesced in the defendant's active management of the Property while the plaintiff remained a passive investor. Furthermore, at the time of the sale of the Property the defendant had contributed approximately $56,000. to the partnership while the plaintiff had contributed approximately $35,000. The retention of the sale proceeds by the defendant had the effect of making the partners' contributions more equal, as they had agreed. The plaintiff failed to sustain his burden of showing that the defendant's actions were unauthorized. Judgment is entered for the defendant on the third count.
The plaintiff's final claim is that he loaned the defendant $10,000. in December 1989 and the loan has never been repaid. The plaintiff produced a check dated December 7, 1989 for $10,000. payable to the defendant. In the lower left hand corner of the check is the word "Loan." The plaintiff testified that the defendant asked him for a loan in December, 1989 because the defendant was having financial trouble. He testified that he gave the check to the defendant at the side CT Page 8010 entrance to Waterbury City Hall (the plaintiff is a plumber employed by the City of Waterbury) and that the defendant agreed to repay the money when the Property was sold. The plaintiff's account was not credible, especially in light of the countervailing evidence provided by the defendant.
The court notes first that in the plaintiff's first complaint in this action, the plaintiff alleged that the $10,000. was a part of $45,940. which he expended for construction at the Property. Only in the second amended complaint, filed over two years later, in September, 1993, did the plaintiff allege that he contributed $35,940. to the partnership and he made a separate $10,000. loan to the defendant. "Amended or withdrawn pleadings are no longer binding judicial admissions, but they may be used as evidentiary admissions in the same or later case." C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988), § 6.7.2. The plaintiff testified that it was his lawyer's mistake in forgetting to make the loan claim, but the court finds an inconsistency between the plaintiff's initial complaint and his testimony at trial.
The defendant does not dispute that she received the $10,000. evidenced by the December 7, 1989 check. She testified, however, that the $10,000. was partial repayment of a loan which she made to the plaintiff. In August, 1989, the plaintiff purchased a building lot on Hempel Drive in Waterbury. The defendant was involved with a corporation which had bought some of the lots. The plaintiff offered $70,000. for the lot, but the seller, Hempel Drive Associates, Inc., insisted on a price of $83,000. The plaintiff was unable to pay $83,000. so the plaintiff, the defendant and Barry Michaelson, the president of the seller, reached an agreement whereby the defendant would advance the additional purchase price of $13,000., to be repaid by the plaintiff when he sold his property on Greenwood Avenue in Waterbury, which was listed for sale with the defendant. The plaintiff paid $70,000. at closing and the defendant paid Michaelson $7,000. in cash simultaneous with the closing. A few days after the closing, the defendant gave Michaelson a check for $6,000., which was the amount of her commission check for the sale of some of the other lots in the subdivision plus some additional funds. The deed to the plaintiff stated that the consideration for the deed was $70,000. despite the fact that $83,000. was in fact paid.
The defendant testified that $2,000. of the $13,000. was CT Page 8011 repaid in November, 1989 (the check was admitted into evidence) and in December, 1989 the plaintiff sold the Greenwood Avenue property. The defendant wanted to obtain payment of the $11,000. balance from the sale, but the plaintiff would pay only $10,000., which the defendant accepted. She sent her daughter to the plaintiff's home to pick up the check. Her daughter, who credibly testified at trial, noticed the word "Loan" on the check and was concerned about it. She pointed out the word to her mother when she got home and her mother reassured her and said the check was to repay money which the plaintiff owed the defendant.
Barry Michaelson, the president of Hempel Drive Associates, appeared at trial and testified credibly, corroborating the defendant's testimony concerning her advance of the additional $13,000. consideration and the plaintiff's agreement to repay the same. Based on the credibility of the defendant, her daughter, and particularly Michaelson, the court credits the defendant's contention that the $10,000. check was not a loan from plaintiff to defendant, but rather partial repayment by the plaintiff of a loan from the defendant. The court further notes that the defendant's contention about the check rings especially true because of its consistency with the parties' prior practice of understating the true' consideration actually paid for real estate acquisitions. Accordingly, judgment is entered for the defendant on the fourth count of the complaint also.
/s/ Vertefeuille, J. VERTEFEUILLE